## UNITED DRUG CO. v. NICHOLS.

District Court, D. Massachusetts. June 9, 1927.

### No. 2731.

Internal revenue ⊛⟶9(27)—Proceeds from sale of stock of affiliated company in excess of price paid for assets of such company held not "taxable gain."

Where one company, affiliated with another, bought all assets of the latter, and sold to the public its capital stock at a price greater than paid for the assets, *held* proceeds of sale represented only additional capital to affiliated group, and not a "taxable gain."

At Law. Action by the United Drug Company against Malcolm E. Nichols, formerly Collector of Internal Revenue. Judgment for plaintiff.

Robert H. Holt and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., for plaintiff.

Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for defendant.

LOWELL, District Judge. This was a suit to recover a war excess profits tax paid under protest. The plaintiff bought the assets of the Seamless Rubber Company, and then sold to the public shares of that company at a price greater than it had paid for the assets. The government taxed this excess as a profit. The plaintiff and the Seamless Rubber Company were affiliated companies, within the meaning of the law then in force, which provided that the tax on such companies should be based on the consolidated returns of net income and invested capital. It seems clear that the sale of the capital stock of the Seamless Rubber Company was "nothing more than a sale by the affiliated group of its own capital stock. The entire proceeds from the sale of this stock represented additional capital to the affiliated group—the investment of the new stockholders who purchased the stock. The sale was a capital transaction, which could not give rise to a taxable gain or deductible loss." Appeal of Farmers' Deposit National Bank, 5 B. T. A. 520.

Judgment for plaintiff.